United States District Court
Southern District of Texas
**ENTERED**
July 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:23cv4126 |
| | § | |
| TEQUILA'S SPORTS & CLUB, LLC, | § | |
| D/B/A TEQUIILA'S SPORTS & CLUB | § | |
| AND D/B/A TEQUILA'S SPORTS CLUB, | § | |
| AND MIGUEL A. FIGUERO, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff's Motion for Default Judgment against Tequila's with supporting evidence is pending before the Court.[1] ECF 17; ECF 18. Having considered Plaintiff's submissions and the law, the Court recommends that the Motion for Default Judgment be granted.

**I.     Background**

Plaintiff filed a Complaint against Defendants on October 31, 2023 alleging violations of 47 U.S.C. §553 (known as "cable piracy") and 47 U.S.C. § 605 (known as "satellite piracy") for the unlawful broadcast of the November 28, 2020 boxing

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 21.

match between Mike Tyson and Roy Jones, Jr.  ECF 1.  The individual defendant Miguel A. Figuero, proceeding pro se, filed a timely Answer on December 11, 2023, denying all Plaintiff's allegations.  ECF 8.  The corporate defendant, Tequila's Sports & Club, LLC d/b/a Tequila's Sports Club (Tequila's), has not filed an Answer as of the date of entry of this Order.  Plaintiff requested and was granted Entry of Default as to Tequila's.  ECF 12; ECF 15.  In accordance with the Court's Order, Plaintiff filed its pending Motion to Default Judgment less than 20 days after entry of default.  ECF 17.

Because the individual defendant, Miguel Figuero has filed several letters asking for dismissal of this case and did not appear to understand that the Motion for Default Judgment was directed to the corporate defendant, Tequila's, the Court issued an Order on June 11, 2024, explaining that the corporate defendant, Tequila's, which has neither appeared in this case nor responded to the Motion, cannot appear in federal court without a licensed attorney.  ECF 23.  The Court granted a 30-day extension for Tequila's to engage counsel and file an Answer and a Response to the Motion for Default Judgment.  *Id.*  In response to the Court's Order, Figuero filed another letter pleading lack of involvement in the events that are the subject of this suit. ECF 24.  Tequila's did not file a timely response or make an appearance in this case.  The Motion for Default Judgment is ripe for determination.

2

## II. Analysis

### A. Legal Standards

Federal Rule of Civil Procedure 55 authorizes entry of a default judgment against a defendant who has failed to plead or otherwise defend itself. The Fifth Circuit has instructed district courts that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 WL 6876208, at *1 (W.D. Tex. Nov. 23, 2020) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). The Court may grant judgment by default "only so far as it is supported by well-pleaded allegations, assumed to be true," but detailed factual allegations are not required. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *Euler Hermes N. Am. Ins. Co. v. Mestizos Grp. LLC*, No. 3:22-CV-01127-E, 2023 WL 2230852, at *7 (N.D. Tex. Feb. 24, 2023) (citing *Wooten*, 788 F.3d at 498 n.3 declining to import Rule 12 standards into the default judgment). Further, Federal Rule of Civil Procedure 8(b)(6) provides that as a result of Defendant Tequila's default, the factual allegations in Plaintiff's Complaint are uncontested and deemed true. FED. R. CIV. P. 8(b)(6) (providing that an allegation other than the amount of damages is admitted if a responsive pleading is required and the allegation is not denied).

### B. Plaintiff is entitled to default judgment.

The Complaint (ECF 1) alleges, and Plaintiff has presented evidence (ECF 17-1 – 17-6) establishing, the following facts:

a. The LLC conducted business as Tequila's Sports & Club, conducted business as Tequilas Sports Club, and owned, operated, maintained, and controlled the Establishment on the date of the Program. *See* Plaintiff's Complaint, Doc. #1 at ¶ 4, Exhibit A, Exhibit B(3), Exhibit C at ¶ 3, and Exhibit C(1).

b. Plaintiff is in the business of marketing and licensing commercial exhibitions of pay- per-view prizefight events. *See* Plaintiff's Complaint, Doc. #1 at ¶¶ 3, 6-8 and Exhibit B at ¶ 4.

c. Plaintiff possessed the proprietary rights to exhibit and sublicense the right to exhibit the Program for businesses such as the Establishment. *See Id.* and Exhibit B(1).

d. Through an agreement with the licensor of the Program, Plaintiff was licensed to sell and distribute the public display of the Program at commercial locations such as bars, restaurants, nightclubs, and other commercial establishments throughout the State of Texas. *See* Plaintiff's Complaint, Doc. #1 at ¶¶ 3, 6-8, Exhibit B at ¶ 4, and Exhibit B(1).

e. In Texas, the Program was legally available to commercial establishments such as the Establishment only through an agreement with Plaintiff. *See Id.*

f. The interstate satellite transmission of the Program was electronically coded or scrambled and was not available to or intended for the free use of the general public on the scheduled date of the Program. If a commercial establishment was authorized by Plaintiff to receive the Program, Plaintiff would either authorize the establishment's television provider to release the Program to the establishment, depending on the establishment's equipment and provider, or authorize the receipt of the Program via an internet stream by authorizing the internet platform to enable the content on a customer

    account provided by Plaintiff whereby Plaintiff would provide the establishment with a username and password to access the Program. *See* Plaintiff's Complaint, Doc. #1 at ¶ 6 and Exhibit B at ¶¶ 5-6, 8, 10-11.

g. Plaintiff did not notify the Establishment's television provider to unblock the Establishment's television account or take any steps that would enable the Establishment to legally obtain the Program via an internet stream. Plaintiff did not authorize the Establishment to receive and exhibit the Program to its patrons. *See* Exhibit B at ¶¶ 9, 12.

h. Authorized commercial establishments that contracted with Plaintiff were required to pay to Plaintiff a commercial sublicense fee to receive the Program. This commercial sublicense fee was based on the occupancy/capacity of an establishment. According to Plaintiff's Auditor, the Establishment had an approximate occupancy/capacity of between 210-220 people. For an establishment with an occupancy/capacity of between 210-220 people, the commercial sublicense fee for a legal broadcast would have been $2,250.00. In this case, the commercial sublicense fee to broadcast the Program was not paid. *See* Exhibit B at ¶ 8, Exhibit B(2), and Exhibit B(3).

i. On the night of the Program, Plaintiff's Auditor, an eye-witness, entered the Establishment and observed the Program being broadcast on multiple televisions, counting approximately 30-32 people in the Establishment at that time. *See* Exhibit B at ¶ 9 and Exhibit B(3).

j. Joseph P. Hand, III (*also known as* Joe Hand Jr.), Plaintiff's President, believes that Plaintiff's programming was not and cannot be mistakenly, innocently, or accidentally intercepted in the Houston, Texas area. Accordingly, the LLC could not have obtained the transmission of the Program had the LLC not undertaken specific wrongful actions to intercept and/or receive and exhibit the telecast of the Program. *See* Exhibit B at ¶¶ 10-12, 14.

k. The broadcast of the Program at the Establishment was advertised on social media. *See* Exhibit C at ¶ 3 and Exhibit C(1).

5

    l. The broadcast of other of Plaintiff's proprietary programming was also advertised on social media, namely the December 5, 2020 broadcast of the *Errol Spence Jr. vs. Danny Garcia* boxing match.  *See* Exhibit B at ¶ 13, Exhibit C at ¶¶ 4-5, Exhibit C(2), and Exhibit C(3).

ECF 17 at 9-10.  The Court finds that Plaintiff has presented uncontested facts that establish it is an aggrieved party under the Federal Communications Act and is entitled to an award of statutory damages under 47 U.S.C. § 605.

### C. Plaintiff is entitled to judgment in the total amount of $62,605.40, plus post-judgment interest.

Plaintiff has presented sufficient evidence to support its election for statutory damages in the amount of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); in the amount of $50,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); reasonable and necessary attorney's fees in the amount of $2,000.00; costs in the amount of $605.40; and post-judgment interest at the annual rate established by federal law.  ECF 17

In support of the attorney fees award, Counsel has presented evidence that she worked 8 hours at a rate of $250.00.  ECF 17-10.  The Court finds $2,000.00 to be a reasonable fee for an attorney with counsel's experience and the nature of the work involved.  Counsel's affidavit also establishes that Plaintiff paid a filing fee of $402.00, $190.00 in service fees, and $13.40 in copy charges related to prosecuting its claim against Defendant Tequila's.  *Id.*  The Court finds Plaintiff is entitled to an award of taxable costs under 28 U.S.C. § 1920 in the amount of $605.40.  In addition, Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

### III.   Conclusion and Recommendation

For the reasons set forth above, the Court recommends that Plaintiff's Motion for Default Judgment Against Defendant Tequila Sports & Club LLC, d/b/a Tequila's Sports & Club, and d/b/a Tequila's Sports Club (ECF 17) be GRANTED. The Court further recommends that Default Judgment be entered against Defendant Tequila Sports & Club LLC, d/b/a Tequila's Sports & Club, and d/b/a Tequila's Sports Club for statutory damages in the amount of $60,000.00, attorney's fees in the amount of $2,000.00, costs in the amount of $605.40, and post-judgment interest at the annual rate set by federal law.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 23, 2024, at Houston, Texas.

Christina A. Bryan<br>
United States Magistrate Judge